**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | | |
|---|---|---|
| JIMMIE B. MCCULLOUGH, JR. | * | CIVIL ACTION NO. 08-932 |
| | * | |
| VERSUS | * | JUDGE S. MAURICE HICKS, JR. |
| | * | |
| SALLIE MAE, INC. | * | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before this court is a Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted (Record Document No. 5), filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion has been filed by defendant Sallie Mae, Inc. ("Sallie Mae"). Sallie Mae alleges that the plaintiff, Jimmie B. McCullough, Jr. ("McCullough"), has failed to exhaust his administrative remedies in seeking relief from his student loan debt. Accordingly, Sallie Mae alleges that McCullough has failed to state a claim upon which relief can be granted. For the reasons that follow, the Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted is **GRANTED** and the case is **DISMISSED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

On June 27, 2008, McCullough filed a complaint seeking discharge of his federally guaranteed student loan debt. See Record Doc. No. 1. McCullough is fifty-three years old, and for over thirty years has been working as a screenwriter and film-maker. Id. According to his complaint, in 1985 he was diagnosed with optic neuritis in his right eye. Id. Optic neuritis is an inflammation of the optic nerve that results in blindness or partial blindness. Id. McCullough's condition has been deemed permanent, and it appears as though it has

1

gotten worse over the years. Id. Due to the loss of vision in his right eye, his left eye has suffered additional strain. Id. As he has gotten older, this added strain has made him able to work only two to three hours before his vision goes blurry—a problem when your job is to read and write screenplays and to watch and edit films. Id. This inability to work for more than a couple of hours at a time has left him unable to earn enough money to repay his student debts. Id.

Sallie Mae has filed the instant motion alleging that McCullough has failed to exhaust the administrative procedures and remedies available to him before seeking redress through the courts. See Record Document 5. Accordingly, they allege that the case, in its current form, is not ready for review by this court, and should be dismissed for failure to state a claim upon which relief may be granted. Id.

## II. LAW AND ANALYSIS

The Fifth Circuit has made clear that Rule 12(b)(6) motions are the proper basis for dismissing a claim for failure to exhaust administrative remedies.[1] See Taylor v. U.S. Treasury Dept., 127 F.3d 470 (5th Cir. 1997). In deciding a Rule 12(b)(6) motion to dismiss, the district court must "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). Notwithstanding, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face." Id., citing Bell Atl. Corp. v. Twombly, 550 U.S. 544,

---

[1] In instances where Congress has mandated exhaustion of administrative remedies, it is a jurisdictional matter, making the proper basis for a motion to dismiss a Rule 12(b)(1) motion for lack of subject matter jurisdiction. Taylor v. U.S. Treasury Dept., 127 F.3d 470, 475. Since the Higher Education Act, 20 U.S.C. § 1001 et seq., does not mandate exhaustion of administrative remedies, though, the jurisprudential doctrine of exhaustion controls.

127 S.Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. Yet, if the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, the court will expose the basic deficiency "at the point of minimum expenditure of time and money by the parties and the court." Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).

When a plaintiff seeks court review of a matter where agency review has been made available, courts have relied on the jurisprudential rule requiring plaintiffs to seek recourse through the appropriate administrative agency before coming into court. See, e.g., Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938) ("[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."). The exhaustion doctrine serves

> (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that "frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

Patsy v. Florida Intl. Univ., 634 F.2d 900, 903 (citing McKart v. United States, 395 U.S. 185, 193-95 (1969)), rev'd and remanded on other grounds sub nom., Patsy v. Board of Regents, 457 U.S. 496 (1982).

The procedures for a person seeking relief from their federally guaranteed student

3

loans are set out in 34 C.F.R. § 682.402. Under this section, student loan debt may be discharged for any number of reasons: death, total and permanent disability, attendance at a school that closes, false certification by a school of a borrower's eligibility for a loan, and unpaid refunds by a school. See generally id.

McCullough alleges that his optic neuritis makes him unable to work and earn enough money to repay his student loans. See Record Document No. 1. Accordingly, he seeks relief from his student debts because of this condition. Id. As such, his claim seems to amount to a claim for relief under total and permanent disability, which is defined in the applicable regulation as the "condition of an individual who is unable to work and earn money because of an injury or illness that is expected to continue indefinitely or result in death. " 34 C.F.R. § 682.200(b).

Section 682.402 requires that someone seeking discharge of their student loan debt because of total and permanent disability first notify the lender. 34 C.F.R. § 682.402(c)(2). After the lender has been notified, the lender must require that the borrower have the disability certified—that is, have a doctor certify that the borrower is totally and permanently disabled. Id. Once the disability has been certified by a physician, the borrower must file an application (that includes the certification) with the Department of Education ("DOE"). Id. The DOE then makes a determination as to whether the borrower is totally and permanently disabled. 34 C.F.R. § 682.402(c)(3). If the DOE determines—during its initial consideration of the claim or at any time during the conditional discharge period—that the borrower is in fact totally and permanently disabled, then the loan is placed on a conditional discharge status for three years where no payment is due. 34 C.F.R. § 682.402(c)(3)(ii). After this three year period, the balance of the loan is discharged. See 34 C.F.R. §

682.402(c)(4)(iii). If the DOE determines, however, that the borrower is not totally and permanently disabled, the loan is due and payable. 34 C.F.R. § 682.402(c)(3)(iv).

It is undisputed that McCullough has failed to pursue these administrative remedies. McCullough has not articulated a clear reason for not going through the administrative process before coming to court, stating only that he "feel[s] more comfortable placing this interpretive question [of whether or not he is entitled to relief] in the hands of the court." Record Document No. 7. The general rule would dictate that the claim be dismissed for failure to exhaust such remedies.

There are certain instances, however, where failure to exhaust the administrative remedies will be excused. The circumstances that courts have traditionally excused such failure are those situations in which

> (1) the unexhausted administrative remedy would be plainly inadequate, (2) the claimant has made a constitutional challenge that would remain standing after exhaustion of the administrative remedy, (3) the adequacy of the administrative remedy is essentially coextensive with the merits of the claim (e.g., the claimant contends that the administrative process itself is unlawful), and (4) exhaustion of administrative remedies would be futile because the administrative agency will clearly reject the claim.

Taylor v. U.S. Treasury Dept., 127 F.3d at 477 (internal citations omitted). McCullough has neither asserted nor made clear that any of these circumstances apply to his situation.

None of the traditional exceptions to the general rule requiring that claimants exhaust available administrative remedies applies in McCullough's case. First, McCullough cannot seek refuge by claiming inadequacy of the administrative remedy, as the administrative procedures could give him precisely the remedy he seeks from this court. Second, McCullough has made no constitutional claim, and therefore cannot be excused

5

from the administrative process to pursue such a claim. Third, McCullough has not challenged the lawfulness of the regulations setting forth the administrative process that he go through in pursuing his claim. And finally, McCullough cannot find his way into court alleging futility as McCullough has not alleged that the administrative process is so clearly stacked against him that he would clearly lose—he has merely stated that he would feel "more comfortable" in federal court than with the DOE. Record Document No. 7. This court cannot say that McCullough's claim represents any exceptional circumstances warranting his failure to pursue the available administrative remedies before coming to federal court. Thus, the exhaustion doctrine requires that McCullough's claim be dismissed for failure to state a claim upon which relief can be granted.

### III. CONCLUSION

Based on the foregoing, McCullough has failed to exhaust the administrative remedies available to him, and has therefore failed to state a cause of action for which relief may be granted. McCullough's claim will not be reviewed by this court until those remedies are exhausted. Thus, the Motion to Dismiss (Record Document No. 5) is **GRANTED** and McCullough's claim is **DISMISSED WITHOUT PREJUDICE**.

An order consistent with this memorandum ruling shall issue contemporaneously herewith.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this the 19th day of June, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE